UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARCAUREL A. PIERRE,
    Plaintiff,

vs.                                          Case No.: 3:23cv24013/LAC/ZCB

COREY JOHNSON,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This is a *pro se* prisoner civil rights case filed under 42 U.S.C. § 1983. (Doc. 1). The operative complaint is Plaintiff's amended complaint (Doc. 6). Defendant has moved to dismiss Plaintiff's claims for injunctive relief and punitive damages. (Doc. 28). Plaintiff has not responded to Defendant's motion. For the reasons below, Defendant's motion to dismiss should be granted with respect to Plaintiff's request for injunctive relief but denied with respect to his request for punitive damages.

1

## I. Summary of Plaintiff's Factual Allegations[1]

The sole Defendant in this case is Corey Johnson, a former correctional officer at Santa Rosa Correctional Institution. (Doc. 6 at 1-2; Doc. 28 at 4).[2] Plaintiff alleges on October 13, 2020, Defendant Johnson deliberately closed Plaintiff's right hand in the "feeding flap" of the cell door and walked away, breaking three of his fingers. (*Id.* at 5). Johnson returned thirty minutes later and freed Plaintiff's hand but "maliciously and sadistically" delayed medical attention for two hours (*Id.* at 5-6). After two hours, a nurse taped Plaintiff's fingers together. (*Id.* at 6). Plaintiff alleges he suffered permanent disfigurement and injury to his right hand. (*Id.*).

Plaintiff asserts Eighth Amendment claims of excessive force and deliberate indifference to medical needs against Defendant. (*Id.* at 7-8). As relief, he seeks compensatory and punitive damages. (*Id.* at 9). He also requests an injunction requiring the Florida Department of

---

[1] At this stage in the proceeding, the Court assumes the truth of Plaintiff's allegations.
[2] The Court refers to the page numbers automatically assigned by the electronic filing system.

Corrections (FDOC) to provide orthopedic treatment for his hand and fingers. (*Id.*).

## II.   Motion to Dismiss Standard

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

At the motion to dismiss stage, the plaintiff's allegations are taken as true and construed in the light most favorable to the plaintiff. *Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty.*, 48 F.4th 1222, 1229 (11th Cir. 2022). Additionally, a *pro se* litigant's complaint must be liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).

3

### III. Discussion

Defendant has moved to dismiss Plaintiff's request for injunctive relief and strike his request for punitive damages. (Doc. 28 at 3-11). Defendant argues that the FDOC is not a Defendant in this case, and Defendant Johnson, as an individual correctional officer who no longer works for the FDOC, has no power to provide Plaintiff with the medical treatment he seeks. (*Id.* at 3-4). Defendant argues that Plaintiff's request for punitive damages should be stricken because those damages are barred by 18 U.S.C. § 3626(a)(1)(A). (*Id.* at 4-11).

The Court will discuss each of Defendant's arguments.

### A. Defendant is entitled to dismissal of Plaintiff's request for injunctive relief.

Defendant has moved to dismiss Plaintiff's request for injunctive relief (i.e., orthopedic treatment for his hand and fingers) on the ground that Defendant has no authority to provide it.

It is elemental that courts cannot force a defendant "to act in any way that is beyond [the defendant's] authority to act in the first place." *Okpalobi v. Foster*, 244 F.3d 405, 427 (5th Cir. 2001). Put another way, "a claim for injunctive relief can stand only against someone who has the

4

authority to grant it." *Williams v. Doyle*, 494 F. Supp. 2d 1019, 1024 (W.D. Wis. 2007); *see also Hunt v. Dep't of Corr.*, 271 F. App'x 778, 781 (10th Cir. 2008) (finding that an injunction could not be issued against an individual who no longer had the authority to grant the requested relief).

Here, the Defendant is a former correctional officer who has been sued in only his individual capacity. (Doc. 6 at 2; Doc. 28 at 4). Plaintiff does not allege that Defendant possesses the authority to effectuate any medical treatment or to make any decision as to whether Plaintiff receives treatment or the type of treatment he receives. *See generally Swan v. Bd. of Educ. of City of Chicago*, 956 F. Supp. 2d 913, 918 (N.D. Ill. 2013) (recognizing that "where . . . a plaintiff seeks an injunction against a defendant, he or she must demonstrate that the defendant to be enjoined has the authority to effectuate the injunction."). For those reasons, Defendant's motion to dismiss Plaintiff's request for injunctive relief should be granted.[3]

---

[3] The FDOC has not been named as a Defendant in this case. Plaintiff cannot obtain an injunction against people and/or entities who have not been named as Defendants. *See Jackson v. Baisden*, No. 21-13004, 2022

**B.      Defendant is not entitled to have Plaintiff's request for punitive damages stricken at this stage of the proceeding.**

Defendant has moved to strike Plaintiff's request for punitive damages on the ground that punitive damages are barred by 18 U.S.C. § 3626(a)(1)(A). (Doc. 28 at 4-11). The Court need not decide the issue at this time. This Court and others have previously explained why it is unnecessary to resolve this issue at the motion to dismiss stage. *See, e.g., Hallam v. Gilbert,* No. 3:23cv7681/LAC/ZCB, 2024 WL 872288, at *3-4 (N.D. Fla. Feb. 13, 2024), *adopted by* 2024 WL 867067 (N.D. Fla. Feb. 29, 2024); *Watson v. Harris,* No. 1:23cv41/AW/ZCB, 2023 WL 9058715, at *2 (N.D. Fla. Dec. 8, 2023) *adopted by* 2024 WL 23160; *Baker v. Rathel,* No. 1:23cv3/AW/MJF, 2023 WL 7496224, at *5 (N.D. Fla. Oct. 5, 2023), *adopted by* 2023 WL 7497491, at **4-5 (N.D. Fla. Nov. 13, 2023); *Vaughn v. Cambria Cnty. Prison,* 709 F. App'x 152, 155 n.2 (3d Cir. 2017). For

---

WL 610314, at *1 (11th Cir. Feb. 16, 2022) ("To the extent that [plaintiff] requested injunctive relief against officials at his prison who were not parties to the instant action, the district court lacked subject matter jurisdiction to grant the relief requested.").

the reasons articulated in those decisions, Defendant's motion to dismiss Plaintiff's punitive damages claim should be denied.

## IV. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. Defendant's motion to dismiss (Doc. 28) be **GRANTED** with respect to Plaintiff's request for injunctive relief and **DENIED** with respect to Plaintiff's request for punitive damages.

2. This case be recommitted to the undersigned for further proceedings.

At Pensacola, Florida this 22nd day of August 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of this Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.