UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PROVIDED TO
JACKSON C.I. ON
OCT 03 2024
FOR MAILING

MARCAUREL A. PIERRE,
   PLAINTIFF,

V.                            CASE NO. 3:23 CV 24013/LAC/ZCB

COREY JOHNSON,
   DEFENDANT.
_____/

**PLAINTIFF'S MOTION IN OPPOSITION / RESPONSE TO DEFENDANT'S MOTION TO DISMISS.**

PLAINTIFF, MARCAUREL A. PIERRE, PRO SE IS HEREBY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS BASED ON THE FOLLOWING:

1. THIS CASE HAS GENUINE MATERIAL FACTS THAT ARE IN DISPUTE THAT EXISTS.
2. PLAINTIFF'S LANGUAGE IS HAITIAN CREOLE. DEFENDANT'S COUNSEL WAS UNABLE TO SECURE AN INTERPRETER FOR THE DEPOSITION PRIOR THE END OF THE DISCOVERY PERIOD.
3. PLAINTIFF did NOT UNDERSTAND MARJORITY OF WHAT WAS BEING SAID TO HIM, AND CONDUCTED AT PLAINTIFF'S DEPOSITION.
4. PLAINTIFF PARTICIPATED IN HIS DEPOSITION AS BEST AS POSSIBLE, WITHOUT HAVING A HAITIAN CREOLE LANGUAGE INTERPRETER.
5. AT THIS TIME, PLAINTIFF IS WILLING AND READY TO PARTICIPATE IN A RESCHEDULED DEPOSITION ARRANGED BY THE DEFENDANT.
6. IT IS IN DISPUTE THAT PLAINTIFF CLEARLY DID NOT PARTICIPATE IN HIS DISPOSITION. PLAINTIFF PARTICIPATED AS BEST AS HE COULD DO, AND HE CONTINUED TO STATE THAT HE IS GOING "BLIND" AND THAT HE NEVER RECEIVED ANY NOTICE OF A DISPOSITION, NOR WHO HE WAS TALKING TO AT THE DISPOSITION. (SEE EXHIBIT "A")
7. DEFENDANT'S COUNSEL FAILED TO HAVE A HAITIAN CREOLE LANGUAGE INTERPRETER AT DISPOSITION TO DISPOSE OF PLAINTIFF PROPERLY.

1.

## CONCLUSION

Plaintiff, request that this court allow plaintiff to participate in a rescheduled deposition arranged by Defendant's counsel provided with a Haitian Creole language interpreter to where the Disposition will have positive results having the facts being translated properly to the Interpreter from plaintiff. Plaintiff is willing and ready to participate in a rescheduled Disposition and is requesting to <u>not</u> have this case Dismiss.

## CERTIFICATE OF SERVICE

I, Marcaurel A. Pierre hereby certify that a true and correct copy of Plaintiff's motion "in Opposition/response to Defendant's motion to Dismiss" has been furnished to prison official for mailing via prison legal mail to: United States District Court, Northern District of Florida (Pensacola Division) U.S District Court, 1 North Palafox St. Pensacola, FL. 32502 and to Juanita Villalpando, Esq. Assistant Attorney General, (Office of the Attorney General) PL-01 The Capitol, Tallahassee Florida. 32399-1050 on this 3rd day of ~~September~~ October, 2024.

<u>Marcaurel A. Pierre #X90353</u>
MARCAUREL A. PIERRE #X90353

---

MARCAUREL A. PIERRE #X90353
Jackson Correctional Institution
5563 10th Street
Malone, Florida, 32445-3144

2.

(EXHIBIT "A")

On April 9, 2024, this Court issued a Case Management and Scheduling Order, (Doc. 22) which specified that the due date of any requested discovery must be no later than July 9, 2024. Pursuant to Fed. R. Civ. P. 30(a)(2)(B), the Court authorized Defendant to depose Plaintiff. *Id.* at ¶ 4. The Court warned the parties that if a party fails to cooperate in discovery, sanctions may be imposed on the recalcitrant party pursuant to Rule 37, Fed. R. Civ. Pro. *Id.* at ¶ 7.

On July 9, 2024, Defendant filed a Motion for Leave to Depose Plaintiff Out of Time and Extension of Time to File Dispositive Motions. (Doc. 31). As grounds for the motion, Defendant's counsel ("Counsel") explained that Plaintiff's first language is Haitian Creole and counsel had been unable to secure an interpreter for the deposition prior the end of the discovery period. *Id.* at ¶ 6. The Court entered an order granting Defendant's motion on July 15, 2024. (Doc. 33).

Concurrently to filing Defendant's Motion for Leave to Depose Plaintiff Out of Time (Doc. 22), Counsel mailed Plaintiff notice of taking a deposition scheduled for August 1, 2024, and a letter dated July 12, 2024, explaining that while the Court had not yet granted Defendant's Motion to Depose Out of Time, a deposition had been scheduled for August 1, 2024 to avoid any delay should it be granted. *See* Exhibit A. Counsel's letter explained that the deposition would only take place if the Court granted Defendant's Motion. *Id.* at 1.

*Id.* (emphasis added).

5. Defendant's counsel explained to Plaintiff that no lawyer had entered an appearance on his behalf in this matter, nor had Plaintiff attempted to confer with counsel regarding his acquisition of an attorney prior to the deposition. *Id.* at 8, lines 8-10; at 9, lines 2-5.

**<u>Plaintiff's Deposition pp. 8, lines 6-13:</u>**

| | |
|---|---|
| MS. VILLALPANDO | Okay. Mr. Pierre, here are your two options: option one, we continue with the depo because your attorney has not appeared in the case. She has not filed an appearance, so in the eyes of the court, she's still not your attorney.<br>And the second option is I'll terminate this deposition right now, but I will reschedule it, and you will be responsible for the cost. |

6. Plaintiff stated he was not receiving his mail. *Id.* at 9, lines 9-12. Plaintiff alleged that he had not received Counsel's Motion for Leave to Depose, Notice of Deposition, or Letter. *Id.* at 10, lines 4-6.

**<u>Plaintiff's Deposition pp. 8-9, lines 19-25 and 1-12:</u>**

| | |
|---|---|
| MS. VILLALPANDO | Mr. Pierre, I sent you a notice of deposition, and the court granted an order allowing me to depose you on this date. You had notice that a deposition was going to be conducted on August 1st at 2 p.m. You had notice. You should have told your attorney about it, and because you did not tell her anything about it, she has not appeared, so it's on you that his deposition occurred. Had you conferred with me or sent a letter saying that you had acquired an attorney, I would have terminated this deposition on time and I would not have to pay for it. |

| | |
|---|---|
| MR. PIERRE | **All the papers that they are sending me, I'm not receiving anything. They are messing with my papers, they are messing with everything. I'm not receiving anything.** |

*Id.*

**Plaintiff's Deposition pp. 9-10, lines 17-20, 24-25 and 1-9:**

| | |
|---|---|
| MS. VILLALPANDO | Mr. Pierre, again, do you want to continue the depo today or do you want me to reschedule it, after which I will seek costs afterwards, but those are you two options? |
| MR. PIERRE | **I don't want to continue because I didn't receive the letter that you say that you sent.** I want to see the paper. I want to know what I'm doing. I didn't see anything. I don't want to be rushed. So as of now, **I didn't receive any paper,** I don't know what I'm doing, **I don't know what paper you said you sent me. At least if I could have the paper and have someone read it for me, explain it to me or anything, but I'm just going blind.** |

*Id.*

7. Counsel asked Plaintiff to clarify one final time that he would not continue the deposition. *Id.* at 10, lines 16-17. Plaintiff again asserted that he would not continue the deposition because he had not received notice, and he did not know anything – he even claimed that he did not who he was talking to. *Id.* at 10-11.

**Plaintiff's Deposition pp. 10, lines 16-18:**

| | |
|---|---|
| MS. VILLLALPANDO | So just to be clear, you will not continue the depo today? |

6

| | |
|---|---|
| MR. PIERRE | No. |

**Plaintiff's Deposition pp. 10-11, lines 24-25, 1 and 9-14:**

| | |
|---|---|
| MR. PIERRE | That is not on me because I didn't receive a paper and they didn't tell me anything. Things has to be done properly. |
| MR. PIERRE | So can you please send me your information because **I don't even know who I'm talking to**, so send me your name, your address, where you are, and **I can then give that to my lawyer and then they will be able to contact you**. But as of now, I'm blind. I don't know what I'm doing. I don't know who I'm talking to. |

*Id.*

### B. PLAINTIFF'S LAWYER

8. After no counsel entered their appearance on behalf of Plaintiff, on August 8, 2024, Defendant's counsel contacted the Mattox Law Firm to inquire about their representation of Plaintiff. *See* Exhibit C.

9. On August 15, 2024, Attorney Marie A. Mattox stated that she did not represent Plaintiff in this matter. *See* Exhibit D.

### C. PLAINTIFF'S MAIL/NOTICE

10. Plaintiff's mail logs show that Plaintiff has been receiving mail and had received and signed for Defendant's Notice of Deposition and Defendant's counsel's letter. *See* Exhibit E at 5.

11. Plaintiff's mail logs shows that he received and signed for three pieces of mail from Defendant's counsel on July 15, 2024. *Id.*

12. The three pieces of mail were Defendant's Motion to Depose Out of Time, Notice of Deposition, and Counsel's letter to Plaintiff. *See* Exhibit F.

13. By Plaintiff's own admission Plaintiff was able to utilize the mail.

**Plaintiff's Attempted Deposition:**

Page 7, lines 1-2
MR. PIERRE          The lawyer wrote me yesterday and I sent the package today.

Page 7, lines 14-17
MR. PIERRE          Yes. I sent her a letter, and then she wrote yesterday. I made the copy of all my documents and everything, I sent it this morning to her.

Page 7, lines 20-21
MR. PIERRE          I wrote her two weeks ago, and she sent me a package.

*See* Exhibit B at 7.

### D.    TELEPHONIC CONFERRAL WITH PLAINTIFF

14. Prior to filing this motion, undersigned scheduled a callout for August 22, 2024, to confer by telephone with Plaintiff regarding this Motion and the possibility of scheduling a second deposition without the Court's intervention. *See* Exhibit G.

15. During the conferral, Plaintiff continued to insist that he was represented by Mattox and refused speak with Defense Counsel. Counsel attempted to explain to Plaintiff that she had been in communication with Marie Mattox

8

and had been informed that the Mattox Law Firm did not represent Plaintiff in this matter.

16. Plaintiff stated that he had talked with his wife that morning, and that his wife told him that Mattox had not been able to review his package. Plaintiff stated that this was due to the institution obstructing his mail.

17. The call was ended by Plaintiff hanging up the phone. The call lasted less than 2 minutes.

18. Defendant is now faced with filing his motion for summary judgment, and possibly attending trial, without the benefit of Plaintiff's deposition. Furthermore, considerable costs were expended by defense counsel in preparation for Plaintiff's deposition, as counsel acquired an interpreter to assist with Plaintiff's alleged difficulty in speaking and understanding English.

19. The deadline for motions for summary judgment is September 16, 2024.

20. Based on the events of Plaintiff's deposition, Defendants seek either a dismissal of this action, or an extension of time for Defendant to take the Plaintiff's deposition and file a motion for summary judgment 45 days following said deposition to accommodate receipt of the transcript.

Mailed from a State Correctional Institution
Mailed from a State Correctional Institution

MARCAUREL A. PIERRE # X9032
JACKSON CORRECTIONAL INSTITU
5563 10TH STREET
MALONE, FLORIDA. 32445-3144

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
(CLERK OF COURT)
1 NORTH PALAFOX ST.
PENSACOLA, FL. 32502

(LEGAL MAIL)