IN THE UNITED STATE DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARCAUREL A. PIERRE,
    Plaintiff,

vs.                                                  Case No.:  3:23cv24013/LAC/ZCB

COREY JOHNSON,
    Defendant.
_____/

## ORDER

Defendant has filed a motion seeking dismissal of this case as a sanction for Plaintiff's failure to cooperate in his deposition. (Doc. 38). Defendant alternatively seeks an order compelling Plaintiff to cooperate in a reconvened deposition and granting an extension of the deadline for summary judgment motions. (*Id.*). If the Court chooses the latter, Defendant requests reimbursement of costs incurred in preparing the motion to compel and re-taking Plaintiff's deposition. (*Id.* at 12). Counsel states she attempted in good faith to confer with Plaintiff by telephone regarding the instant motion, but Plaintiff hung up on her. (*Id.*).

Plaintiff has responded in opposition to the motion to dismiss and now offers to sit for a rescheduled deposition. (Doc. 48). Plaintiff explains

1

that he did not have notice of the deposition. (*Id.* at 1). He further explains that he did not understand most of what Defendant's counsel was saying during the deposition because counsel failed to secure a Haitian Creole interpreter. (*Id.*). Plaintiff requests that the Court allow him to participate in a rescheduled deposition and require Defendant's counsel to provide a Haitian Creole interpreter. (*Id.* at 2).

### 1.     Relevant Rules Governing Depositions

Rule 30 requires a party who wants to depose a person to give reasonable written notice to all other parties. Fed. R. Civ. P. 30(b)(1). The written notice must state the time and place of the deposition, the deponent's name and address, and the method for recording the testimony. Fed. R. Civ. P. 30(b)(1), (3). Rule 30 also sets out the procedure for objecting to any aspect of the deposition. An objection must be noted on the record, but the examination still proceeds and the testimony is taken subject to any objection. Fed. R. Civ. P. 30(c)(2).[1]

---

[1] There are exceptions to that rule, but none of them apply here. *See* Fed. R. Civ. P. 30(c)(2) (authorizing a deponent to refuse to answer a deposition question in three circumstances: (1) when necessary to preserve a privilege, (2) to enforce a limitation ordered by the court, or (3) to present a motion to the court to terminate or limit the deposition).

2

## 2.  Discussion

Plaintiff's lack-of-notice excuse does not justify his failure to participate in his deposition. The exhibits to Defendant's motion demonstrate that counsel provided Plaintiff reasonable notice of the deposition.[2] On July 12, 2024, counsel notified Plaintiff that his deposition would be taken remotely via Zoom on August 1, 2024 at 2:00 p.m. (EST) at Plaintiff's correctional institution, and that it would be recorded by a professional court reporter. (Docs. 38-1, 38-6). Counsel also notified Plaintiff that a Haitian Creole interpreter would be present. (Doc. 38-1 at 1). Counsel thus fulfilled her obligations with respect to notifying Plaintiff of his deposition.

Plaintiff's refusal to participate due to the lack of a Haitian Creole interpreter is also inexcusable. The transcript of the attempted deposition demonstrates that a Haitian Creole interpreter was present to assist Plaintiff. (Doc. 38-2 at 4). Despite the presence of the interpreter, Plaintiff refused to be sworn for the deposition and refused

---

[2] The Court previously authorized counsel to depose Plaintiff. (Doc. 22 at 3, ¶4; Doc. 33).

3

to otherwise participate. (*Id.* at 5-11). Defendant's counsel terminated the deposition based on Plaintiff's refusal to participate.³

The Court understands that Plaintiff is proceeding *pro se*. But that does not excuse his failure to comply with the rules governing litigation in federal court. *Loren v Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (explaining that although courts construe *pro se* pleadings liberally, *pro se* litigants are required to conform to procedural rules). The Court will sanction Plaintiff for his refusal to participate in his deposition. But before the Court imposes the harshest sanction of dismissal, the Court will impose the lesser sanction of granting Defendant's motion to compel and requiring Plaintiff to cooperate in a rescheduled deposition. *See Isaac v. RMB Inc.*, 604 F. App'x 818, 821 (11th Cir. 2015) (explaining that magistrate judge had ample authority to compel plaintiff to attend a second deposition, even after the discovery deadline, as well as award costs of second deposition to defendant, where plaintiff had impeded the

---

³ Plaintiff also insisted that he was represented by Attorney Marie Mattox. (Doc. 38-2 at 5-11). After the deposition, Defendant's counsel contacted Attorney Mattox's office and was told that the office did not represent Plaintiff. (Docs. 38-3, 38-4).

original deposition by wrongfully refusing to answer nearly all of defendant's questions and repeatedly, and without justification, lodging objections); Fed. R. Civ. P. 30(a)(2)(A)(ii) (authorizing the court to grant leave for a second deposition). The Court will also grant Defendant's request for an extension of the discovery deadline for the sole purpose of taking Plaintiff's second deposition and an extension of the deadline for filing motions for summary judgment.

As a final matter, Defendant requests that the Court order Plaintiff to pay the reasonable expenses in bringing the motion to compel and rescheduling the deposition. Defendant's counsel states she scheduled a phone call with Plaintiff to confer about the possibility of scheduling a second deposition without the Court's intervention. (Doc. 38 at 8-9, 12; Doc. 38-7). Plaintiff refused to speak with counsel and hung up on her. (Doc. 38 at 8-9, 12).

Because the Court is granting Defendant's motion to compel, Defendant is entitled to be paid the reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(5)(A) (requiring the party whose conduct necessitated the motion to compel to

5

pay the movant's reasonable expenses). An award of expenses is appropriate here because Defendant's counsel attempted in good faith to resolve the discovery dispute without Court action. Additionally, Plaintiff has not shown that his failure to participate in his deposition was substantially justified, and there do not appear to be any circumstances that would make an award of expenses unjust.

Upon Defendant's submitting documentation of the expenses incurred, Plaintiff may file a response, in which he may address the propriety of an award of expenses or the reasonableness of the amount claimed by Defendant, or both. The Court will then determine the appropriate amount of expenses to be awarded to Defendant.

Accordingly, it is **ORDERED**:

1. Defendant's motion to compel (Doc. 38) is **GRANTED**, and the parties are **DIRECTED** to reconvene Plaintiff's deposition before **November 8, 2024.** Plaintiff must provide complete and truthful answers to the questions posed by Defendant's counsel. **Plaintiff is warned that his failure to obey this order will result in a recommendation of dismissal of this case as a sanction for his**

**clear pattern of willful delay and his failure to respond to a lesser sanction.**[4]

2.  Defendant's motion to extend the deadline for filing motions for summary judgment is **GRANTED** and that deadline is extended to **December 23, 2024**.

3.  On or before **October 29, 2024**, Defendant must submit documentation of the expenses incurred in making the motion to compel and holding Plaintiff's second deposition.

**DONE AND ORDERED** this 9th day of October 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United State Magistrate Judge

---

[4] *See Ruffins v. DeSilva*, No. 3:16cv703/RV/EMT, 2020 WL 1263566 (N.D. Fla. Feb. 13, 2020), *adopted by* 2020 WL 1248874, at *1 (N.D. Fla. Mar. 16, 2020) (granting defendants' motion for contempt and for sanctions and dismissing civil rights case filed by *pro se* prisoner with prejudice as a second sanction for plaintiff's hindrance of the discovery process).