UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**MARCAUREL A. PIERRE,**
**DC# X90353**
    **Plaintiff,**

v.                          **CASE NO.: 3:23-cv-24013-LC-ZCB**

**COREY JOHNSON,**
    **Defendant.**
_____/

## DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant Corey Johnson ("Mr. Johnson") pursuant Rule 56, Federal Rules of Civil Procedure, moves for final judgment as to Plaintiff's deliberate indifference to a serious medical need claim.

## PRELIMINARY STATEMENT AND ALLEGATIONS

Plaintiff, Marcaurel A. Pierre ("Mr. Pierre"), a prisoner in the custody of the Florida Department of Corrections ("FDC"), filed a civil rights lawsuit pursuant to 42 U.S.C. §1983 against Mr. Johnson. Mr. Pierre's complaint ("Amended Complaint") pertains to an incident occurring while he was confined at Santa Rosa Correctional Institution ("SARCI") on October 13, 2020, and Mr. Johnson was then a Correctional Officer at that institution.

Specifically, Mr. Pierre alleges that on October 13, 2020, Mr. Johnson closed Mr. Pierre's cell door food flap on his right hand and breaking three fingers on his

right hand. Doc.6, ¶1. Mr. Pierre alleges that his fingers were trapped in the food flap for thirty (30) minutes. *Id.*, ¶4. Further, Mr. Peirre alleges that Mr. Johnson refused to take him to medical and waited over two hours before taking him to medical. *Id.*, ¶5. Mr. Peirre alleges that a nurse practitioner taped his fingers together, but no other treatment was provided at the direction of Mr. Johnson. *Id.* As a result of the lack of medical treatment, Mr. Pierre alleges that his right hand was permanently disfigured. *Id.*

## MEMORANDUM OF LAW

**I.   Plaintiff fails to state a basis for a deliberate indifference to a serious medical need claim.**

To survive summary judgment for an Eighth Amendment claim for medical deliberate indifference under 42 U.S.C. § 1983, a prisoner must satisfy an objective and subjective component, along with a causation element. *See Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007). "To prevail on a deliberate indifference to serious medical need claim, Plaintiffs must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009) (citation omitted); *see also* Eleventh Circuit Pattern Jury Instruction 5.8 (requiring Plaintiff to prove that (1) Plaintiff had a serious medical need, (2) Defendant knew that Plaintiff had a serious medical need that posed a risk of serious harm, (3) Defendant failed to provide or get necessary medical care for

2

Plaintiff's serious medical need in deliberate indifference to the risk of serious harm, and (4) Defendant's conduct caused Plaintiff's injuries).

In the Eleventh Circuit, a serious medical need "is considered 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994)). It is a serious medical need that, if left unattended, will result in "a substantial risk of serious harm." *Taylor*, 221 F.3d at 1258. Deliberate indifference toward "serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

Under the subjective component of an Eighth Amendment claim, a prisoner must allege that the prison official, at a minimum, acted with a state of mind that constituted deliberate indifference. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). This means the prisoner must show that the prison official: (1) had subjective knowledge of a risk of serious harm; (2) disregarded that risk; and (3) displayed conduct that is more than gross negligence. *Farrow v. West*, 320 F.3d 1235, 1245 (11th Cir. 2003). Even if the treatment an inmate receives was negligent, that's not enough to support a § 1983 claim. *See, e.g. Harris*, 941 F.2d at 1505 (citing *Estelle*, 429 U.S. at 106)

3

("Mere incidents of [medical] negligence or malpractice do not rise to the level of constitutional violations.").

"Deliberate indifference is a "state of mind more blameworthy than negligence." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Id.* at 106. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.* at 106. "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. To establish deliberate indifference, "the plaintiff must demonstrate that the defendant acted with subjective recklessness as used in the criminal law, and to do so he must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff." *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024) (citation omitted).

The Eleventh Circuit has "emphasized . . . that 'prison officials do not act with deliberate indifference when they provide medical treatment even if it is subpar or different from what the inmate wants.'" *See Keohane v Fla. Dep't of Corr. Sec.*, 952 F.3d 1257, 1266 (11th Cir. 2020) (quotation omitted); *see also Kosilek v. Spencer*, 774 F.3d 63, 82 (1st Cir. 2014) (en banc) ("[The Eighth Amendment] does not

4

impose upon prison administrators a duty to provide care that is ideal, or of the prisoner's choosing."). Further, "the Constitution doesn't require that the medical care provided to prisoners be 'perfect, the best obtainable, or even very good.'" *See Keohane* 952 F.3d at 1266.

"To demonstrate 'significant' harm, a plaintiff must provide verifying medical evidence that proves that it was the denial or delay in medical treatment that caused the harm rather than underlying condition or injury." *Ellis v. Hart*, 2009 WL 734132, *9 (M.D. Ga. Mar. 19, 2009) (citing *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1186 (11th Cir. 1994); *Harris v. Coweta County*, 21 F.3d 388, 393-94 (11th Cir. 1994).

Mr. Pierre makes generalized conclusory statements that are unsupported by plausible allegations. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 663. Mr. Pierre alleges that Mr. Johnson acted with deliberate indifference to his medical needs by denying Mr. Pierre proper medical treatment for his three broken fingers. Doc. 6, at 8. However, Mr. Pierre's own allegations demonstrate that that he was provided with medical care. MR. Pierre states that Mr. Johnson took him to medical where a nurse practitioner taped his fingers. Doc. 6, ¶5.

Moreover, this Court notified Mr. Pierre of the deficiencies of his original complaint (Doc. 1), however, instead of following the Court's advice, Mr. Pierre filed his Amended Complaint alleging the same facts and claims verbatim. *See* Doc. 5; Doc. 6. Mr. Pierre failed to clarify the factual allegation as to the objective prong. As this Court noted, Mr. Pierre failed to allege that the medical provider diagnosed his fingers as broken or that the delay was medically unjustified and it exacerbated his medical problem.

## CONCLUSION

For the foregoing reasons, the deliberate indifference to a medical need claim against Mr. Johnson should be dismissed and judgment entered in his favor.

Respectfully submitted,

**ASHLEY MOODY**
ATTORNEY GENERAL

*/s/ Juanita Villalpando*
Juanita Villalpando, Esq.
Assistant Attorney General
Florida Bar No.: 1036083
Office of the Attorney General
The Capitol, Suite PL-01
Tallahassee, Florida 32399
Telephone: (850) 414-3300
Juanita.Villalpando@myfloridalegal.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

6

I certify that a true and correct copy of the foregoing *Motion for Partial Summary Judgment* was electronically filed with the Clerk of Court using CM/ECF on December 23, 2024, and furnished by U. S. Mail to: Marcaurel A. Pierre, DC# X90353, Jackson Correctional Institution, 5563 10th Street, Malone, Florida 32445-3144 on December 26, 2024.

*/s/ Juanita Villalpando*
Juanita Villalpando